**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SADALLAH ELWIR, on behalf of herself and all others similarly situated, | Civil Case No.:_____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| SECOND ROUND, LP; and JOHN DOES 1-25. | |
| Defendant(s). | |

Plaintiff, SADALLAH ELWIR, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendants, SECOND ROUND, LP ("SECOND ROUND"); and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person, a resident of Hudson County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. SECOND ROUND has a business location at 4150 Freidrich Lane, Suite 1, Austin, Texas 78744.

8. Upon information and belief, Defendant SECOND ROUND is a business that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. SECOND ROUND is a "debt collector" as that term is defined by 15 U.S.C. §1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## **CLASS ACTION ALLEGATIONS**

11. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

All New Jersey consumers who were sent letters and/or notices from SECOND ROUND, concerning a debt owed to CHASE BANK USA, NA and which contained at least one of the alleged violations of 15 U.S.C. § 1692 *et seq.* herein.

<u>The Class period begins one year to the filing of this Action</u>.

<u>The class definition may be subsequently modified or refined</u>.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by Defendants' conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without

the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. SECOND ROUND collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

16. SECOND ROUND is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

17. Sometime prior to September 22, 2016, Plaintiff entered into a credit agreement with CHASE BANK USA, NA ("CHASE").

18. The credit agreement with CHASE was for Plaintiff's personal use.

19. The credit agreement with CHASE was not for non-personal purposes.

20. Plaintiff used the credit services with CHASE for personal purposes.

21. Plaintiff did not use the credit services with chase for non-personal use.

22. CHASE is a "creditor" as defined by 15. U.S.C. § 1692a(4).

23. The alleged CHASE obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

24. At some time prior to September 22, 2016, the CHASE obligation was purchased by and/or sold to SECOND ROUND SUB, LLC.

25. At the time the CHASE obligation was purchased by and/or sold to SECOND ROUND SUB, LLC, the obligation was in default.

26. On or before September 22, 2016, SECOND ROUND SUB, LLC referred the CHASE obligation to SECOND ROUND for the purpose of collections.

27. At the time the CHASE obligation was assigned, placed, or transferred to SECOND ROUND, such obligation was in default.

28. SECOND ROUND, caused to be delivered to Plaintiff a letter dated September 22, 2016 concerning the alleged CHASE obligation, which sought a balance of $7,053.81. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy.

29. The September 22, 2016 letter was sent or caused to be sent by persons employed by SECOND ROUND as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

30. The September 22, 2016 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

31. The September 22, 2016 letter stated in part:

- Second Round Sub, LLC is excited to offer you 2 money saving options to resolve this account.
- Monthly Payments
  Payment Amount         $100
  Number of Payments     16
  1st Payment Due Date   09/30/2016

- One Payment
  Payment Amount         $1,410.76
  Number of Payments     1
  Due Date               09/30/2016
  Savings Amount         $5,643.05

30. The September 22, 2016 letter also stated that:

- **Taxes: Second Round is required to file a form 1099C** with the Internal Revenue Service **for any cancelled debt of $600.00 or more**. Please consult your tax advisor concerning any tax advice. (emphasis added).

31. The reporting requirements concerning the cancellation of debt are contained at 26 C.F.R. §1.6050P-1 et seq.

32. There are seven exceptions to the reporting requirements contained at 26 C.F.R. §1.6050P-1 et seq.:

> (1) Certain bankruptcy discharges -
>
> (2) Interest. The discharge of an amount of indebtedness that is interest is not required to be reported under this section.
>
> (3) Non-principal amounts in lending transactions. In the case of a lending transaction, the discharge of an amount other than stated principal is into required to be reported under this section. For this purpose, a lending transaction is any transaction in which the lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).
>
> (4) Indebtedness of foreign debtors held by foreign branches of U.S. financial institutions –

      (5) Acquisition of indebtedness by related party.

      (6) Releases. The release of a co-obligor is not required to be reported under this section if the remaining debtors remain liable for the full amount of any unpaid indebtedness.

      (7) Guarantors and sureties.

      See 26 C.F.R. §1.6050P-1(d).

33. The September 22, 2016 letter fails to communicate that there are other exceptions beyond the $600 threshold amount that affect whether cancellation of debt is reportable.

34. The September 22, 2016 letter's statement that SECOND ROUND is required to file a Form 1099-C for any cancelled debt of $600 or more is not accurate under IRS regulations.

35. It is wholly conceivable to forgive $600 or more of the debt and yet not report balances forgiven on a Form 1099-C.

36. In addition, it is highly improbable for one who is in debt to have income as a result of settling a debt, as that person is more likely to be insolvent; so such a discharge would not be considered as income.

37. A collection notice is deceptive when it reasonably can be read to have two or more different meanings, one of which is inaccurate.

38. The language contained in the September 22, 2016 letter could reasonably be understood by the least sophisticated consumer to mean that IRS regulations require that the creditor, in all circumstances, must report forgiveness of debt on a Form 1099-C.

39. The language contained in the September 22, 2016 letter could be reasonably read to mean that the creditor will always report forgiveness of debt.

40. The least sophisticated consumer would understand the language contained in the September 22, 2016 letter to mean that the creditor is required by IRS regulations to report forgiveness of debt on a Form 1099-C.

41. Although the Defendant had no duty to disclose any potential tax ramifications, when it chooses to give tax disclosures, it must do so in a way that it will not mislead the least sophisticated consumer as to his or her tax consequences.

42. Current case law has made clear, that if debt collectors are providing tax advice with regards to the reporting of forgiveness of debt, they cannot provide vague, incomplete and misleading disclosures that leave out the essential element that the reporting of forgiveness of a debt happens only if the **principal** forgiven exceeds $600, and that reporting of forgiveness of a debt would not happen even if the amount is greater than $600, if the amount forgiven contained interest forgiveness so long as the principal was less than $600.

43. The least sophisticated consumer could understand the language in the September 22, 2016 letter to mean that certain amounts of discharged debt, irrespective of the type of the debt, will necessarily be reported to the IRS.

44. Alternatively, the least sophisticated consumer could understand that he may have to pay a certain amount in order to avoid IRS reporting.

45. The least sophisticated consumer could also read the letter to mean that the creditor, in all circumstances, will report forgiveness of debt as is required by IRS regulations.

46. The language in the September 22, 2016 letter is ambiguous, vague and deceptive.

47. A consumer reading the language in the September 22, 2016 letter will be led to believe that if a settlement erases any amount of the debt, then the creditor is required to

report the forgiveness of debt to the IRS, per the IRS regulations (creating by fear of the IRS another incentive for the consumer to pay the debt without erasing any amount through settlement). However, this statement is inherently deceptive and misleading, by giving erroneous and incomplete tax information - because according to IRS regulations, the creditor "will not" be required to report to the IRS, forgiveness of debt less than $600, nor would the creditor be required to report an amount greater than $600 in forgiveness, if the amount contained interest.

48. The creditor should also specify what amount of the total alleged to be due is principal and what part of it is interest. Any tax advice that does not specify the tax consequences as it applies to the consumer's circumstances is nothing more than a ploy to elicit a more substantial payment from the consumer than the consumer would have paid, had he or she understood the tax reporting consequences.

49. The language contained in the September 22, 2016 letter is an attempt by the debt collector to make the debtor think that the IRS regulations always require the reporting of forgiveness of debt. The least sophisticated consumer would reasonably read the letter to mean that the creditor, in all circumstances, will report forgiveness of debt as is required by IRS regulations.

50. The language contained in the September 22, 2016 letter suggests to the least sophisticated consumer that paying less than the total amount claimed will cause consequences with the IRS.

## POLICIES AND PRACTICES COMPLAINED OF

51. It is SECOND ROUND's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

   (b) Using unfair or unconscionable means to collect or attempt to collect any debt; and

52. On information and belief, SECOND ROUND has sent written communications, in the form annexed hereto as Exhibit A to at least 30 natural persons in the State of New Jersey.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

53. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

54. Collection letters and/or notices, such as those sent by the Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

55. Defendant's September 22, 2016 letter would lead the least sophisticated consumer to believe that Defendant included language regarding a 1099-C because it was relevant.

56. Defendant's September 22, 2016 letter would lead the least sophisticated consumer to believe that he or she could get in trouble with the IRS for refusal to pay the debt, or for obtaining any debt forgiveness of $600 or more.

57. Defendant's September 22, 2016 letter would lead the least sophisticated consumer to believe that it was in his or her interest to make a payment on the alleged obligation

that brought the total balance below the $600 threshold so as to avoid IRS reporting, and any tax consequences or expenses to obtain tax advice.

58. Defendant's letter was designed to cause the least sophisticated consumer to believe that it was in his or her best interest to make a payment or settle their debts so that there was less than a $600 balance remaining.

59. Defendant's collection letters were designed to cause the least sophisticated consumer to be confused.

60. Defendant's collection letters and/or notices would cause the least sophisticated consumer to be confused as to his or her rights.

61. The content of Defendant's letter was designed to cause the least sophisticated consumer to be confused as to the consequences of settling the debt.

62. The September 22, 2016 letter fails to communicate that there are other exceptions beyond the $600 threshold amount that affect whether cancellation of debt is reportable thereby leading the lease sophisticated consumer to believe that there will be tax consequences for settling a debt for less than the total amount due.

63. The September 22, 2016 letter's use of the word "required" does not remove from the realm of possibility that the least sophisticated consumer would be deceived into thinking that the Defendant must or will report certain settlement amounts to the IRS, even when it does not intend to, or would not be required to, under the relevant statute(s) and regulation(s).

64. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

65. Due to the lack of specificity in Defendant's September 22, 2016 letter, which mentions only the $600 threshold but not the others, Plaintiff and others similarly situated are led

to believe that the action he or she takes with respect to the debt will trigger tax consequences or reporting requirements.

66. SECOND ROUND engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. §§ 1692e and 1692e(10).

67. SECOND ROUND engaged in unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f.

68. Defendant violated 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

69. Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

70. Plaintiff's settlement of the alleged debt, and Defendant's cancellation thereof, could not possibly have been reportable under the relevant exceptions.

71. As there could not possibly have been a reportable event under the settlement terms, Defendant's statement was false, misleading and/or deceptive.

72. The false, deceptive or misleading representations in Defendant's September 22, 2016 letter enticed Plaintiff and others similarly to make a payment on the alleged obligation that brought the total balance below the $600 threshold so as to avoid IRS reporting, and any tax consequences or expenses to obtain tax advice.

73. The inclusion of the language in the collection letter is a false, deceptive or misleading representation in violation of 15 U.S.C. § 1692e.  See, Balon v. Enhanced Recovery Co. 2016 U.S. Dist. LEXIS 72142 (M.D. Pa. June 2, 2016); Velez v. Enhanced Recovery

Company, LLC, 2016 U.S. Dist. Lexis 57832 (E.D. Pa. May 2, 2016) and Good v. Nationwide Credit, Inc., 2014 U.S. Dist. Lexis 152006 (E.D. Pa 2014).

74. Section 1692e(10) of the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

75. The inclusion of the language in the collection letter is the use of a false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

76. Defendants' conduct as described herein constitutes false representations or deceptive means to collect or attempt to collect any debt.

77. Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

78. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

79. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

80. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

81. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

82. Plaintiff and others similarly situated were sent letters which have the propensity to affect their decision-making with regard to the debt.

83. Defendant's gratuitous IRS "advice" in its September 22, 2016 letter has the likelihood to affect the Plaintiff and others similarly situated.

84. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

85. Plaintiff has suffered damages as a direct result of the Defendant's actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against the Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Pre-judgment interest;

(d) Post judgment interest; and

(e) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(f) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: August 16, 2017

*/s/ Joseph K. Jones*
Joseph K. Jones (JJ-5509)
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Joseph K. Jones*
Joseph K. Jones (JJ-5509)

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: August 16, 2017

*/s/ Joseph K. Jones*
Joseph K. Jones (JJ-5509)

# Exhibit A

We are required to provide the following information under state law for the states indicated below. This list does not contain a complete list of the rights consumers have under state and federal law.

**Payments:** If you submit your payment via personal check, we may electronically convert it into an electronic funds transfer (EFT). The amount of your payment will be electronically debited from your account.

**Taxes:** Second Round is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more. Please consult your tax advisor concerning any tax questions.

**California:** The Rosenthal Fair Debt Collection Practices Act state and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your lawyer or spouse, about your debt. Collectors may not contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you can contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.
"As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations."

**Colorado:** FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.AGO.STATE.CO.US/CADC/CADCMAIN.CFM.
*A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

*Local Colorado Office:* Colorado Manager, Inc., 80 Garden Center, Ste. 3, Broomfield, CO 80020; 303-920-4763

**Illinois:** In accordance with Federal law, you have the right to inspect your credit rating.

**Minnesota:** This collection agency is licensed by the Minnesota Department of Commerce.

**New Mexico:** "We are required by New Mexico Attorney General Rule to notify you of the following information. This information is not legal advice: This debt may be too old for you to be sued on it in court. If it is too old, you can't be required to pay it through a lawsuit. You can renew the debt and start the time for the filing of a lawsuit against you to collect the debt if you do any of the following: make any payment of the debt; sign a paper in which you admit that you owe the debt or in which you make a new promise to pay; sign a paper in which you give up ('waive') your right to stop the debt collector from suing you in court to collect the debt."

**New York:** We are authorized by the city of New York Dept. of Consumer Affairs: License # 1365096.

**North Carolina:** We are licensed by the North Carolina Department of Insurance, Permit #107012.

**Tennessee:** We are licensed by the Collection Service Board of the Dept. of Commerce and Insurance.

**Utah:** As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

| | |
|---|---|
| Date | 09/22/2016 |
| Reference # | ■45 |
| Balance | $7,053.81 |
| Payment Amount | |

PO Box 41955
Austin, TX 78704

09/22/2016

SADALLAH ELWIR

  Pay Online: http://payments.second-round.com
Pay By Phone: (866) 950-6357
Hours of Operation (CST):
Mon.-Thur. 8:00 AM - 6:00 PM,
Fri 8:00 AM - 5:00 PM

PO Box 41955
Austin, TX 78704

54

| Balance | Principal | | | Original Account Number |
|---|---|---|---|---|
| $7,053.81 | $7,053.81 | | | XXXXXXXXXXXX8859 |
| Client | | Original Creditor | | Account Name |
| Second Round Sub, LLC | | CHASE BANK USA NA | | Credit Card |

Dear SADALLAH ELWIR,

Second Round Sub, LLC is excited to offer you 2 money saving options to resolve this account.

| Monthly Payments | | One Payment | |
|---|---|---|---|
| Payment Amount | $100.00 | Payment Amount | $1,410.76 |
| Number of Payments | 16 | Number of Payments | 1 |
| 1st Payment Due Date | 09/30/2016 | Due Date | 09/30/2016 |
| Savings Amount | $5,453.81 | Savings Amount | $5,643.05 |

We believe most people want to do the right thing and satisfy their past financial obligations. We also understand that times are tough and it can be difficult to pay the full amount owed. Because of this, we work directly with our clients and creditors to negotiate the best possible deal for you and to help you satisfy your account in an affordable manner.

Resolving this account will put an end to the calls and letters attempting to collect this account. Keep in mind, we are not obligated to renew or extend this offer in the future.

How can you take advantage of this offer?

1. You can mail a check or money order for the first payment of $100.00. We will then send out a payment coupon book for the remaining payments; or
2. You can call us at 866-950-6357 during our normal business hours; our friendly representatives can set up your payments over the phone using a variety of payment methods. You can also call to discuss alternate payment arrangements.

The legal time limit (statute of limitation) for suing you to collect this debt has expired. Even though the statute of limitations has expired, you may choose to make payments. If you make a payment, the creditor's right to sue you for the entire debt may start again.

**This is a communication from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.**

A  **NOTICE: SEE REVERSE SIDE FOR IMPORTANT CONSUMER RIGHTS**  54